## Case No. 10,358.

### The NORWAY.

### [2 Ben. 121.] [1]

District Court, S. D. New York. Jan., 1868.

PRACTICE—MARRIED WOMAN AS A COMMISSIONER.

## Case No. 10,359.

### The NORWAY.

### [3 Ben. 163.] [1]

District Court, S. D. New York. March, 1869.

LIEN—BUILDING CONTRACT—JURISDICTION.

A court of admiralty has no jurisdiction of a suit in rem against a ship, to recover for work, labor and materials done and furnished towards the building of the ship, even though the law of the state gives a lien upon the ship therefor.

[Cited in Re Glenmont, 32 Fed. 704; The Glenmont, 34 Fed. 403.]

[Cited in The Victorian (Or.) 32 Pac. 1042, 1043.]

_____

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[In admiralty. For the hearing upon order to vacate stay of proceedings, see Case No. 10,357; and for motion to appoint a commissioner to examine a witness residing in the East Indies, see Id. 10,358.]

John Van Vleck, for libellants.
R. D. Benedict, for claimants.

BLATCHFORD, District Judge. This is a libel filed in September, 1857, by Anthony J. Allaire, since deceased, against the ship Norway, to recover the sum of $2,608.20, for materials furnished and labor performed by Mr. Allaire, as a plumber and coppersmith, between June and September, 1857, towards the building of the ship. It is averred in the libel, that the ship is and was a domestic vessel, owned by residents of the state of New York; that such materials and labor were necessary and proper to the building and constructing of the ship, and went into the ship and became part of her, and were furnished and done on the credit of the ship; and that the amount due for them is, by the laws of the state of New York, a lien on the ship. The principal point urged in defence is, that this court has no jurisdiction of the action.

In a suit brought by the same libellant against The Francis A. Palmer [Case No. 203], for materials furnished and labor done by him, as a plumber and coppersmith, in and towards constructing such ship, decided by Mr. Justice Nelson, on appeal, in the circuit court for this district, in May, 1859, the ship being a domestic vessel, owned by residents of New York, it was held that the district court had no jurisdiction of the suit. In his opinion in that case, Mr. Justice Nelson, citing the case of People's Ferry Co. v. Beers, 20 How. [61 U. S.] 393, decided at the December term, 1857, says: "It was there held, that the admiralty jurisdiction did not extend to cases of liens claimed for work done or materials furnished in the construction of ships; that the contract for building was not a maritime contract, nor did it involve rights and duties appertaining to commerce and navigation, in the sense of the law giving jurisdiction to the admiralty. This case was decided after full argument, and a careful consideration of the question, and we must regard it as settling the point of jurisdiction in the case before us. For, if the court had no jurisdiction of the principal contract for building the vessel, and this on account of its nature and character, not being a maritime contract, it had not of the collateral and incidental contracts arising out of the construction. They must be regarded as partaking of the nature of the principal one, or, certainly, as of no higher character in this respect. It may be said, however, that the statute of New York gives a lien to the material man and workman in this case, which distinguishes it from the case referred

to. It is true, that there was no statute in the state of New Jersey, where that vessel was built, giving a lien to the builder; but that circumstance in no way influenced the judgment of the court. The result would have been the same if a local lien had been given by the state law. The local lien attaches in no case within the admiralty law, as heretofore expounded by the courts of this country, except where the contract is maritime in its nature and character. This was so decided soon after the courts recognized the local liens and enforced them in the admiralty. It was so decided in the case of a libel by the master of a ship for his wages. The lien was denied, though given by the local law." The case referred to is that of The Orleans v. Phoebus, 11 Pet. [36 U. S.] 175. This construction of the case of People's Ferry Co. v. Beers [supra], and the soundness of the principle of the decision of the circuit court for this district in Allaire v. The Francis A. Palmer [supra], were affirmed by the supreme court, in Roach v. Chapman, 22 How. [63 U. S.] 129, decided at the December term, 1859. That was a suit against a vessel for the price of machinery furnished to build her, and a lien was given therefor by the law of the state where she was built. Mr. Justice Grier, in delivering the opinion of the court says: "A contract for building a ship, or supplying engines, timber or other materials for her construction, is clearly not a maritime contract. Any former dicta or decisions which seemed to favor a contrary doctrine were overruled by this court, in the case of People's Ferry Co. v. Beers, 20 How. [61 U. S.] 400." He then overrules the point that the jurisdiction can be maintained because the state law gives a lien, and cites the case of The Orleans v. Phoebus [supra], to show that the contract for which the state law gives the lien must be a maritime contract, in order to be enforceable in the admiralty.

The libel in this case must be dismissed, with costs.