## THE COUNT DE LESSEPS.[1]

*(District Court, E. D. Pennsylvania. July 3, 1883.)*

1. ADMIRALTY—MARITIME CONTRACT—ORIGINAL CONSTRUCTION OF VESSEL—LIEN FOR LABOR AND MATERIALS USED IN.

   Materials and machinery furnished and work done, in the original construction of a vessel, do not give rise to a maritime contract, and a recovery therefor cannot be enforced by a libel *in rem.*

2. SAME—WHEN VESSEL LIABLE TO ATTACHMENT.

   A floating scow having been constructed in New Jersey and towed to Pennsylvania, where machinery and material were furnished upon contract with the building contractors, who had undertaken to construct the scow with such machinery, *held,* that the machinery and material were furnished in the original construction of the vessel.

Hearing on libel, answer, and testimony. Libel by the I. P. Morris Company against the Count De Lesseps, for labor and materials, consisting of a derrick, buckets, and other dredging machinery, furnished at Philadelphia after the vessel had been towed from New Jersey, where she had been built, to fit out the vessel for an intended voyage to Panama.

The respondents claimed that the libelants were subcontractors, having furnished the work and material to Doughty & Kappella, who were the builders employed by the owners; that the same were furnished in the original construction of the Count De Lesseps, which was not a vessel, but was a floating scow, or a patented mechanical appliance, constructed for and applicable only to the purpose of canal dredging. The libelants contended that they had contracted with the agent for the owners, and denied that the work and material were furnished in the original construction, and asserted that the Count De Lesseps was a vessel capable of carrying any cargo, and prior to the work was towed from New Jersey to Pennsylvania, having a completed outfit and machinery, and that when it appeared that further machinery was desirable, the contract was made with libelants to furnish machinery not contemplated by the original design.

*Edward F. Pugh* and *John W. Patton,* for libelants.

A maritime contract may have for its subject: A canal-boat, (*Hip-*

---

[1] Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

*ple* v. *The Fashion*, 3 Grant, 40;) a pile-driver, (*Kearney* v. *Pile-driver*, 3 Fed. Rep. 246;) a scow, (*Endner* v. *Greco*, 3 Fed. Rep. 411;) a floating elevator placed on a canal-boat, (*The Hezekiah Baldwin*, 8 Ben. 556;) a floating derrick, (*Maltby* v. *A Steam Derrick-boat*, 3 Hughes, 477;) where the *res* is or has been afloat, (*Gregg* v. *Sloop Clarissa Ann*, 2 Hughes, 89.)

And, as to the question whether the work and materials were furnished in the original construction, or in the repairing or outfitting, cited: *The Eliza Ladd*, 3 Sawy. 519; *The Revenue Cutter No. 2*, 4 Sawy. 152; *The Stephen Allen*, Bl. & How. 181; *The Cynthia*, 2 Fed. Rep. 112.

*Charles Gibbons, Jr.*, and *M. P. Henry*, for respondent.

The floating scow, or patented mechanical appliance, the Count De Lesseps, is not a vessel, and not subject to a maritime lien. *The Vallette Dry-dock*, 10 Fed. Rep. 142; *The Salvor Dredging Co.* v. *The Dry-dock*, 3 Cent. Law J. 640.

The work and material were furnished in the original construction, and therefore not a maritime contract. *People's Ferry Co.* v. *Beers*, 20 How. 393; *Roach* v. *Chapman*, 22 How. 129; *Morewood* v. *Enequist*, 23 How. 494; *The Pacific*, 9 Fed. Rep. 120; *Edwards* v. *Elliott*, 21 Wall. 532; *The Ship Norway*, 3 Ben. 163.

BUTLER, J. No discussion of either the law or facts is necessary. It is conceded by libelants' counsel that if the materials furnished and work done were furnished and done in the construction of the vessel, (if the structure be a vessel,) the claim is not founded upon a maritime contract, and the libel must be dismissed. There is no question about the facts. All the materials and work were contemplated as necessary to complete the structure from the beginning, and the principal part of it was embraced in the original contract for construction, entered into by Doughty & Kappella. The libelants were subcontractors under these builders, and furnished an estimate in advance for the materials and work, principally, and subsequently did what forms the subject of their claim in pursuance of this estimate. The question for the court is one of construction, about which the testimony of the libelants' experts affords no assistance. Although there is some inconsistency in the decisions of the lower courts, I cannot doubt that what the libelants did should be held to have been done in the original construction of the vessel—if, as before suggested, this structure should be so denominated. The question involved has been so fully considered, in cases undistinguishable from this, that further discussion would serve no useful purpose. See *Ferry Co.* v. *Beers*, 20 How. 393; *Roach* v. *Chapman*, 22 How. 129; *Edwards* v. *Elliott*, 21 Wall. 532; *The Ship Norway*, 3 Ben. 163; *Scull* v. *Shakespear*, 25 P. F. Smith, 297; *Morewood* v. *Enequist*, 23 How. 494; *The Pacific*, 9 Fed. Rep. 120.

Judgment for respondent.