GEORGE IBERS ET AL., Respondents, v. CORNELIUS O'DONNELL, Appellant.

### St. Louis Court of Appeals, March 15, 1887.

1. CONTRACT, BUILDING—ACTION FOR REASONABLE VALUE.—A building contractor who abandons his contract and sues for the value of the work done, and the materials furnished, can recover only for their reasonable value, not exceeding the contract price.

2. —— OFF-SET — COUNTER-CLAIM.—In such an action, the owner may off-set, or make a counter-claim for, the damage caused him by the non-performance of the contract by the contractor.

3. —— EVIDENCE OF REASONABLE VALUE.—In such an action, the contract price is only *prima facie* evidence of the reasonable value, and an instruction which makes it conclusive, as against the owner, is erroneous.

4. PRACTICE, APPELLATE—INSTRUCTIONS—EXCESSIVE FINDINGS.—Appellate courts will not reverse a judgment for the error of giving an erroneous instruction, where the amount of the excess of the finding caused thereby clearly appears from the admitted and found facts, if the respondent will remit such excess.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Reversed nisi.*

LAUGHLIN & KERN, for the appellant.

O. G. HESS, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

The only error assigned by the defendant, appealing, is that the court erred in giving the following instruction for the plaintiff :

"The court instructs the jury that, if they believe from the evidence that the prices for the extra work spoken of were agreed upon between the plaintiffs and the defendant, and that said prices were in accordance with the bill and proposition in writing, read in evidence by the plaintiffs' counsel, then the defendant is bound to pay the prices agreed upon, no matter whether the extra work was worth that amount or not, and they should allow the plaintiffs the full amount thereof, in that event."

The suit is one by the contractor against the owner, for a balance claimed to be due on a building contract, and for the enforcement of a mechanic's lien for such balance. It is an action upon a *quantum valebant*, for

the reasonable value of the work and material, and the plaintiffs had judgment for two hundred and fifty dollars.

The record before us is very imperfect. Some papers offered in evidence are .wholly omitted, and other evidence is only partly preserved. All the evidence touching the extra work is as follows : An admission in the defendant's answer that the plaintiffs did extra work of the reasonable value of $105.29 ; the plaintiffs' evidence that they made a written proposal to do certain extra work for certain specified prices, and proceeded to furnish the articles that the items called for; the defendant's admission that he received such a proposal, and knew that the plaintiffs were going on with the extra work.

There is also a general statement at the close of all of the evidence in the record, to the effect that "there was evidence on behalf of both the plaintiffs and the defendant, tending to prove the facts in their pleadings, and tending to prove the facts stated in the instructions given."

The plaintiffs do not sue on any special contract. They sue for the reasonable value of their labor and material, and thus, themselves, limit the extent of their recovery. The instruction given is, therefore, erroneous, because it tells the jury that the defendant was bound to pay the prices fixed by the contract for extra work, whether the plaintiffs performed the extra work, as per contract, or not. That the plaintiffs did so perform it, is nowhere admitted.

As the contract price for all the other work, according to the statement of both parties, was $1,900 ; as the plaintiffs admit to have received $1,800 ; as the answer and the defendant's evidence only admit extra work of the value of $105.29, it is evident that this erroneous instruction was prejudicial to the defendant, leading to a recovery of a verdict of $44.71 in excess of the amount

clearly warranted by the finding of the jury on other issues.

The plaintiffs, under the state of the pleadings, were at liberty to give the contract for extra work in evidence, as evidence of the reasonable value of such work. The court might have properly instructed the jury that it was, evidence of such value. But to hold that a contractor may abandon a contract and recover for the reasonable value of part of the work in excess of the contract prices, and the contract prices for the residue of the work in excess of its reasonable value, and all this in an action for the reasonable value of the work and material, is a holding equally unwarranted by the dictates of reason or the decided law.

As, however, the jury have found adversely to the defendant, on other issues, and no complaint is made of such finding here, and as, moreover, this error of the court, under the admitted and found facts of the case, was, as above seen, prejudicial to the defendant only to the extent of $44.7J, we will affirm the judgment, if the plaintiffs will remit such excess in this court, within ten days after the filing of this opinion ; otherwise, the judgment will be reversed and the cause remanded ; the respondents to pay the costs of this appeal. It is so ordered. All the judges concur.