Argued February 13, decided February 27, 1912.

## BENBOW *v.* THE JAMES JOHN.

### [121 Pac. 899.]

APPEAL AND ERROR—FORMER APPEAL—MATTERS CONCLUDED.

1. A judgment on a former appeal between the same parties, the complaint being the same in both cases, concludes all objections which could have been raised on the first appeal, and hence precludes an objection that the complaint does not state a cause of action.

APPEAL AND ERROR—FINDINGS—EFFECT.

2. In an action at law, the findings of the circuit court on the facts take the place of a verdict of a jury and are conclusive on appeal if there is any evidence to support them.

MARITIME LIENS—WORK ON VESSEL—MARITIME LIEN PRECLUDING MECHANIC'S LIEN.

3. Where the mere hull of a boat was constructed and launched before plaintiff began his labors thereon and he completed the boat, the hull not having been named or having any machinery thereon, the mere fact that the partially completed hull had been put in the water and towed from one place to another for the purpose of completing the work was not such a launching or devotion to maritime purposes as to make subsequent work on the vessel a mere maritime lien and prevent plaintiff from acquiring a mechanic's lien.

APPEAL AND ERROR—DETERMINATION—REVERSAL—EFFECT.

4. Plaintiff sought to enforce a mechanic's lien against a boat, and defendant and his surety executed an undertaking for the release of the boat from arrest. The complaint was dismissed, and on appeal the judgment of dismissal was reversed. *Held*, that the original judgment would only protect the parties for acts done in pursuance of it while it was in force, and so it was no bar to the surety's continued liability for upon reversal a judgment becomes a nullity.

MECHANICS' LIENS—SURETY—UNDERTAKING.

5. Section 7513, L. O. L., relating to proceedings to enforce mechanics' liens, provides that the defendant may deposit money in lieu of the undertaking otherwise required, and that, if judgment be for him, the money shall be returned, but it nowhere provides for a return of the undertaking, and so, a defendant having deposited an undertaking with sureties, it was improper for the sheriff, upon judgment for defendant, to surrender the undertaking, for the direction that money deposited in lieu of an undertaking might be returned impliedly precludes a surrender of the undertaking.

MECHANICS' LIENS—RIGHT TO MECHANIC'S LIEN.

6. A subcontractor who does work and furnishes materials at a time when there is a contract between the principal contractor and the owner of the property is entitled to a mechanic's lien.

WORK AND LABOR—EVIDENCE.
7. In the absence of evidence to the contrary, evidence of the contract price of services rendered is prima facie evidence of the reasonable value of such services.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by Charles A. Benbow against the James John, a boat, the St. John Transportation Company, and the American Surety Company of New York, to enforce a mechanic's lien upon a boat—James John —owned by defendant Transportation Company. The case was before this court on a previous appeal and is reported in 56 Or. 554 (108 Pac. 634). The issues are fully stated in the former opinion and need no further statement except as to matters arising upon amendments to the pleadings since the case was remanded. After the former hearing, defendants amended their answer so as to eliminate an allegation therein that the contract upon which the lien was based was for the construction of a ferry boat. They also filed a plea in abatement setting up the former judgment of the lower court, dismissing the cause, and discharging the American Surety Company of New York from further liability upon an undertaking given by them for the release of the boat from arrest, and alleging that no stay of execution was demanded, and that the undertaking was given for such stay, but that the undertaking on appeal was given only to stay execution for costs, and that no order for the rearrest of the boat or reinstatement of the undertaking had ever been given; whereby it was claimed that the court had lost jurisdiction of the subject-matter. Later the American Surety Company intervened and objected to any finding or judgment against them upon their undertaking for substantially the same reasons. The action was tried, and the court found for plaintiff and gave judg-

ment in his favor against defendant boat and the surety company. All the defendants appeal.    AFFIRMED.

For appellants there was a brief over the names of *Mr. George J. Perkins* and *Messrs. Kollock & Zollinger,* with an oral argument by *Mr. Perkins* and *Mr. John K. Kollock.*

For respondent there was a brief over the names of *Mr. William C. Benbow* and *Mr. A. E. Clark,* with an oral argument by *Mr. Benbow.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

It is claimed that the complaint does not state facts sufficient to constitute a cause of action and does not show jurisdiction of the State court to hear this cause, because it appears from the complaint that the labor was performed by way of repairs upon a boat theretofore existing and navigating the waters of the willamette River, and that therefore the lien was maritime in its nature and could not be enforced in the State court.

1. Conceding, without deciding, that defendants could raise the question, after having appeared and given an undertaking for the release of the boat, and after answering without any plea to the jurisdiction, we think the objection comes too late. The complaint is in the same condition now that it was at the last appeal, and every objection that could have been made to its form or substance, whether actually made or discussed, or not, is concluded by that decision. All questions which could have been raised upon the first appeal are *res adjudicata.* 3 Cyc. 398; *Hanley* v. *Combs* 60 Or. 609 (119 Pac. 334); *Smith* v. *Seattle,* 20 Wash. 613 (56 Pac. 389); *Smyth* v. *Neff,* 123 Ill. 310 (17 N. E. 702); *Dilworth* v. *Kurtz,* 139 Ill. 508 (29 N. E. 861). The circuit court was correct, therefore, in holding that the complaint was sufficient to justify the admisson

of evidence, tending to show that a practically new boat was constructed.

2. This being an action at law, the findings of the circuit court upon the facts take the place of the verdict of a jury, and are conclusive upon this court if there is any evidence to sutain them. *Hallock* v. *Portland,* 8 Or. 29; *Courtney* v. *Bridal Veil Box Factory,* 55 Or. 210 (105 Pac. 896).

3. The evidence of plaintiff tended to show that part of the hull of the boat was built at St. Johns; that it was then towed to Portland to the East Side Boiler Works, where plaintiff finished the hull and put in part of the machinery; that it was then moved north of the Morrison street bridge, and the remainder of the machinery was put in, also the cab and other woodwork; and that the boat was not named until after plaintiff had finished this work. Even if there had been some sort of a boat in existence and use before plaintiff began his work, yet, if his labors went to the extent of destroying its identity, it amounted to the construction of a new boat. *McMaster* v. *One Dredge,* (D. C.) 95 Fed. 832; *The Victorian* 24 Or. 121 (32 Pac. 1040: 41 Am. St. Rep. 838). The mere fact that the partially completed hull had been put in the water and towed from one place to another for the purpose of completing the work was not such a launching or devotion to maritime purposes as made subsequent work on the vessel a maritime lien. *The Paradox,* (D. C.) 61 Fed. 860; *The Count De Lesseps,* (D. C.) 17 Fed. 460; *People's Ferry Co.* v. *Beers,* 20 How. 393 (15 L. Ed. 961) ; *The Iosco,* 13 Fed. Cas. 89.

4. The contention of the American Surety Company cannot be sustained. The appeal taken was from the whole judgment, and the reversal reversed the entire judgment and placed the parties in the same situation which they occupied before the judgment was rendered.

This court held that, where a judgment is self execut-
ing, a party is not liable in tort for an act done in pur-
suance of it, while it was still in force. This is on the
theory that an act, lawful at the time of its commis-
sion, will' not become a trespass by reason of a reversal
of the judgment. *Porter* v. *Small,* ——Or.—— (120 Pac.
393, 398). For all other purposes than as a protection
for affirmative acts done while it was in force, a
reversed judgment becomes mere waste paper. Free-
man, Judgments (3ed.) §§ 333, 481.

5. The fact that the surety company presented a copy
of the judgment to the sheriff and demanded and
received the return of its undertaking does not affect
its liability. There is no provision of the law requir-
ing the return of such undertaking, and the fact that
the surety company has obtained physical possession of
it does not impair its validity. Section 309, L. O. L.,
cited by counsel for defendant as authority for the act
of the sheriff in surrendering the undertaking to the
defendant has reference solely to undertakings on
attachment. Section 7513, L. O. L., which relates to
proceedings to enforce liens of the character here
involved, provides that the defendant may deposit
money in lieu of the undertaking otherwise required;
and further provides that, if the judgment be for the
defendant, the money so deposited shall be returned,
but nowhere provides for a return of the undertaking.
*Expressio unius est exclusio alterius.* Prudence would
suggest that the sheriff should hold possession of such
undertaking, at least until the time for taking an appeal
had expired, and even then we know of no statute
which requires him to surrender it without an order of
the court directing him to do so.

6. It is contended by defendant that, as the contract
with plaintiff was made on December 24th, and the
one between Bilyeu and Herstel and the owners of the

boat was dated December 27th, plaintiff can have no lien for that portion of his services embraced in this contract and amounting to $525. But this objection is not sound. The testimony shows that the work was done and materials furnished at a time when Bilyeu and Herstel had a contract with the owners, and this is all that the law requires.

7. It is also contended that there is no evidence of the reasonable value of the services rendered on this $525 contract, but the contract itself was in evidence, and, in the absence of any evidence to the contrary, it is *prima facie* evidence of the reasonable value of the services. 13 Enc. Evidence, 584; *Ibers* v. *O'Donnell,* 25 Mo. App. 120; *Lehigh* v. *Standard Ice Co.,* 149 Mich. 102 (112 N. W. 481).

The judgment of the circuit court is affirmed.

AFFIRMED.