Submitted on record and briefs February 6, affirmed August 11, 2004

Conrad JONES,
Derwood E. Oar, and Ila W. Oar,
husband and wife,
*Respondents,*

*v.*

Norman JONES,
Hugh Jones, and Does I through X, inclusive,
*Defendants,*

*and*

Edward JONES,
*Appellant.*

00CV-0394CC; A117085

95 P3d 1135

*See also* 193 Or App 682, 91 P3d 828.

Edward Jones *pro se* filed the opening brief. On the reply brief were Ronald W. Aitken, and Dole, Coalwell, Clark, Mountainspring, Mornarich & Aitken, P. C.

Marianne Dugan filed the briefs for respondents. With her on the briefs was Facaros & Dugan.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

In this partition action arising out of a family dispute over a ranch, defendant appeals from a judgment ordering a public sale. ORS 105.205; ORS 105.245-105.405. Defendant also appeals from the trial court's denial of his post-trial motions. We affirm.

The disputed property is a ranch of approximately 206 acres in Douglas County. The property has been in the parties' family for over 150 years. It includes pasture land and standing timber. In 1985, Edna Jones, the then owner of the ranch, died, leaving the land to her four children, Conrad Jones, Norman Jones, Hugh Jones, and Ila Oar. Defendant is the son of Hugh Jones. A judgment of final distribution was entered according to the terms of Edna's will in 1988, dividing the property into specific quarters by the northwest, northeast, southwest, and southeast corners. However, the personal representative's deed conveyed to each sibling an undivided one-quarter interest in the entire ranch. In 1992, Ila deeded her one-quarter interest to herself and to her husband, Derwood Oar. In November 1999, Hugh conveyed his one-quarter interest to defendant.[1] In February 2000, Conrad, Ila, and Derwood filed suit to partition the property, and they requested a public sale pursuant to ORS 105.245 to 105.405.[2] In April 2000, Norman conveyed his one-quarter interest to defendant with the understanding that Norman could remain living in the home located on the ranch during his lifetime. At the time of trial, defendant owned a one-half interest in the ranch. The remaining interests are owned by plaintiffs.[3]

---

[1] Hugh Jones and Norman Jones were also named defendants but defendant is the only named defendant who appeared.

[2] Ila Oar is now deceased, and her husband, Derwood Oar, holds her interest by right of survivorship.

[3] The ranch has since become the subject of a public sale. The conveyance of title pursuant to that sale is subject to the outcome of this litigation. Plaintiffs, in response to a query from this court about mootness, suggest that it was necessary for defendant to have appealed from the order confirming the public sale; otherwise, they contend that the case is moot. We disagree. Defendant's case is not moot in light of the reservation in the deed issued pursuant to the sale.

We note that this is a companion case to *Kerr v. Jones*, 193 Or App 682, 91 P3d 828 (2002), in which defendant, in an effort to recover possession of the

In response to plaintiffs' suit for partition, defendant sought to purchase plaintiffs' interest in the ranch by private sale. Plaintiffs wanted $100,000 for their property interest. Defendant proposed funding the sale by logging standing timber located on the ranch. Defendant contended that, if he did some of the work himself, the proceeds from the logging would have been approximately $75,000. Defendant proposed to make up the difference in the purchase price by borrowing money, using his personal residence as collateral. In the alternative, defendant sought a partition in kind. He proposed to log the timber on the east end of the ranch and to sell an 80-acre parcel from the ranch in order to compensate plaintiffs for their interests. The trial court concluded that the parties owned the ranch as tenants in common, rejected defendant's proposals, and ordered a public sale.

Defendant thereafter made post-trial motions, including a motion for relief from judgment, a motion for relief from the order awarding attorney fees, and a motion for stay of judgment. In defendant's motion for relief from judgment, he challenged the nature of the parties' interest in the ranch.[4] The trial court denied all of defendant's motions, and defendant appeals, making assignments of error that relate to the trial court's decision on the merits as well as to its post-judgment rulings.

On appeal, defendant interprets Edna's will and the judgment of final distribution to give him an undivided interest in the northwest and southeast corners of the property. He contends that the portions of that property that he acquired are more valuable because they contain "the vast

---

property, had filed a forcible entry and detainer (FED) action against the individual who purchased the property at the public sale. We reversed the trial court's judgment and held that defendant did not occupy the property as a tenant within the meaning of the applicable statutes.

[4] In his motions, defendant asserted to the trial court that Edna's will divided the property among the four siblings as discrete property interests and that the judgment of final distribution conclusively determined the siblings' ownership interests as separate parcels and not a tenancy in common. He also asserted that the personal representative's deed describing the siblings' interest in terms that created a tenancy in common had no legal effect in defining the parties' interests. He also contended that, contrary to the trial court's determination, local land use regulations did not require the personal representative to deed the property to the siblings as tenants in common.

majority of the merchantable timber situated on the ranch."
He explains that,

> "[t]he trial court erred in ordering the cash only public
> sale of the property and the equal distribution of the
> proceeds.

> "Defendant Edward Jones seeks to have the sale of the
> property overturned and a new and different order entered
> as follows: 1.) Affirming the right of Defendant Edward
> Jones to possess the portions of the ranch property as
> described in the will of Edna Jones; 2.) Setting a value, as of
> the date of the filing of the lawsuit below, on each specific
> portion of the ranch property as described in the will of
> Edna Jones as required by ORS 105.210; and 3.) Allowing
> Defendant Edward Jones a reasonable opportunity to exer-
> cise his possessory rights, log those portions of the property
> awarded to him and apply the value of that timber as of the
> date of filing the lawsuit, towards the purchase of the
> remaining portions from the Plaintiffs at the value set by
> the court.

> "In the alternative, Defendant Edward Jones seeks to
> have the sale of the property overturned and a new and dif-
> ferent order entered as follows: 1.) Affirming the right of
> Defendant Edward Jones to possess the portions of the
> ranch property as described in the will of Edna Jones;
> 2.) Setting a value, as of the date of the filing of the lawsuit
> below, on each specific portion of the ranch property as
> described in the will of Edna Jones as required by ORS
> 105.210; then, 3.) Ordering partition of the property into
> two equal sized parcels; 4.) Award one of those parcels to
> Defendant Edward Jones and ordering sale at public auc-
> tion of the other parcel; 5.) Distributing the proceeds of the
> sale to the Plaintiffs up to the amount of value set by the
> court, and 6.) Distributing the remaining proceeds to
> Defendant Edward Jones or, if the proceeds of sale are
> insufficient to compensate Plaintiffs for the value set by the
> court, award Plaintiffs owelty for the remainder secured by
> a lien on the property awarded to Defendant."

Second, defendant assigns as error the trial court's failure to
award him reimbursement of expenses requested during
trial; and third, he assigns as error the trial court's denial of
his post-trial motions asserting that a tenancy in common did
not exist, that the judgment of final distribution conclusively

established the property interests of the heirs, and that the personal representative's deed was recorded only for notice purposes.

■■ In order for us to reach the merits of defendant's assignments of error, he must have preserved them in the trial court in accordance with the rules of appellate procedure. ORAP 5.45(4)(a) provides, in part:

> "Each assignment of error shall demonstrate that the question or issue presented by the assignment of error timely and properly was raised and preserved in the lower court."

One of the policies underlying ORAP 5.45's preservation requirement is to ensure that trial courts have the opportunity to rule on a particular question or issue, thereby potentially obviating the necessity of an appeal and the accompanying use of judicial resources. *Miller v. C. C. Meisel Co., Inc.*, 183 Or App 148, 172, 51 P3d 650 (2002). Specifically, as we noted in *J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 568, 889 P2d 383, *rev den*, 321 Or 47 (1995), adherence to preservation requirements is important because,

> "the requirement that an issue be presented to the lower tribunal in order for it to be raised on appeal serves to prevent error. If the first tribunal is given the opportunity to make a ruling, its ruling may well be correct. Relatedly, it would be a disservice to the economy of the process to require the lower tribunal to conduct further proceedings in order to rectify an error that it was never given the initial opportunity to avoid.
>
> "The second reason is that requiring a party to present its issues at each adjudicative level is essential to a fair process for the other parties and participants. Generally, the opportunity to respond at the appellate level does not cure the denial of that opportunity in trial court and agency proceedings, where all of the factual and much of the legal development of cases must occur."

In the present case, defendant did not challenge the validity of the personal representative's deed or the nature of the parties' interest during the trial. Rather, those challenges were first made in his post-judgment motions. Although

Edna's intent in dividing the property among the four children was before the court, defendant recognized the deed's validity. For example, in defendant's closing argument at trial, his attorney told the court:

> "And it's true that the grandmother had decided which section each person would get but ultimately when the property was deeded to the four siblings it was deeded to them together and not in those quarters. So the property line doesn't have to be drawn along the quarters."

Consequently, the relief that defendant seeks on appeal is inconsistent with the relief he sought from the trial court during trial. We decline therefore to review his first assignment of error under ORAP 5.45(4)(a), because the trial court did not have the opportunity to consider it, nor did plaintiffs have the opportunity to respond during trial to defendant's arguments.[5]

Defendant's second assignment of error does not require an extended discussion. It was within the trial court's discretion to refuse to order reimbursement of expenses incurred by defendant. We perceive no legal principle that compels the conclusion that the court exercised its discretion beyond the scope of its authority. *See State v. Rogers*, 330 Or 282, 311-12, 4 P3d 1261 (2000) (defining what constitutes an abuse of discretion).

■ In defendant's third assignment of error, he contends that the "trial court erred when it denied defendant's motion for relief from judgment since a tenancy in common did not exist." Defendant does not cite ORCP 71 B in his briefing; however, his post-judgment motion was titled "Motion for Relief of Judgment Pursuant to ORCP 71 B(1)(a)(b) and (B)(2)." Because ORCP 71 B(2) pertains to motions for a new trial while an appeal is pending, we understand that defendant sought relief in the trial court under either ORCP 71 B(1)(a) or 71 B(1)(b).

---

[5] To the extent that defendant preserved the issues raised in his first assignment of error in the trial court through his post-judgment motions, he must, in order to prevail, also satisfy the requirements of the rules governing those motions. Those requirements are the subject of our discussion of defendant's third assignment of error.

■ ORCP 71 B(1)(a) authorizes courts to set aside a judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." ORCP 71 B(1)(b) allows the court to set aside a judgment where there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F[.]" In defendant's motion for relief from judgment, he concluded that,

> "[h]ow a parcel may be used is just one of the bundle of rights that constitute ownership of real property, and the thinking of the probate attorney and the trial court was excusably not discovered by defendant who was confused by these distinctions."

As we said, the personal representative's deed was before the court during trial. Thus, that evidence could not constitute "newly discovered" evidence within the meaning of ORCP 71 B(1)(b), nor could defendant's ignorance of the significance of its contents constitute excusable neglect under ORCP 71 B(1)(a). It is the policy of the law that parties take advantage of the one opportunity they have in a trial to produce all available evidence and to raise arguments pursuant thereto. No litigant is entitled to a "second bite of the apple" under ORCP 71 B(1)(a) or (b) merely because an argument is not made that could have been made or because evidence is not offered that could have been offered.

Affirmed.