Conrad JONES,
Derwood E. Oar and Ila W. Oar,
husband and wife,
*Plaintiffs-Respondents,*

*v.*

Norman JONES,
Hugh Jones,
and Does I through X, inclusive,
*Defendants,*

*and*

Edward JONES,
*Defendant-Appellant.*

Douglas County Circuit Court
00CV0394CC; A132322

162 P3d 352

Marianne Dugan for petition.

Edward Jones *pro se* for response.

Before Wollheim, Presiding Judge, and Schuman and Rosenblum, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

In this action for partition, we have previously affirmed the trial court's decision in favor of plaintiffs, *Jones v. Jones*, 194 Or App 496, 95 P3d 1135 (2004), *rev den*, 338 Or 301 (2005), and dismissed a subsequent appeal by defendant. Plaintiffs petition for attorney fees, arguing that there was no objectively reasonable basis for that second appeal. ORS 20.105. We allow the petition.

In 1985, the original owner of the property at issue in this case died and left the ranch in equal parts to her four children. Plaintiffs are two of the original owner's four children; defendant is the original owner's nephew, who acquired the interest of the other two children. A dispute arose between the co-owners culminating in 2001 with the trial court's entry of a general judgment providing for partition by sale of the ranch, with the proceeds to be allocated among the parties. Defendant appealed, and we affirmed. *Id.*

Thereafter, the judicially ordered public sale of the ranch took place and, in due course, the court entered an order disbursing to the parties the proceeds of that sale. The court also entered a supplemental judgment awarding plaintiffs costs and attorney fees arising from defendant's ongoing attempts to contest the validity of the judgment and the sale.

On May 19, 2006, defendant filed a notice of appeal purporting to appeal from "judgments entered in this case on 4-20-2006, by Judge Robert Millican." The trial court register does not show entry of any judgment or order on that date. From documents attached to the notice of appeal, however, we were able to discern that defendant intended to appeal from the order to disburse sale proceeds and from the supplemental judgment awarding costs and attorney fees, actually entered not on April 20 but on April 21 and 24. Defendant's notice of appeal was filed within 30 days of the dates of entry of those decisions; therefore, we determined that the appeal was timely. *See Ensley v. Fitswater*, 293 Or 158, 162, 645 P2d 1062 (1982) (notice of appeal adequate where the plaintiff purported to challenge nonappealable orders but the attached copy of an appealable judgment could be easily determined by the adverse party and the appellate court);

*Grant County Federal Credit Union v. Hatch,* 98 Or App 1, 6 n 4, 777 P2d 1388, *rev den,* 308 Or 592 (1989) (notice of appeal adequate in case with multiple judgments and multiple defendants because it was possible to determine from the notice which judgment the notice referred to). We also determined that the supplemental judgment was appealable under ORS 19.205(1) (authorizing appeals from supplemental judgment) and ORCP 68 C(5)(b) (authorizing post-general judgment award of costs and attorney fees by supplemental judgment), and that the order to disburse sale proceeds from the sale of the ranch was appealable under ORS 19.205(3) (authorizing appeals from post-general judgment orders affecting a substantial right).

However, we subsequently determined that the actual focus of defendant's second appeal was not the disbursal order or the award of fees and costs but the partition decision from which they derived. Defendant's actual argument in the second appeal was that the 2001 judgment for the sale of the ranch was void because of "attorney fraud" and judicial conflict of interest. Plaintiffs moved to dismiss the appeal on the ground that the 2001 judgment was final because we had affirmed it in defendant's first appeal in 2004. Defendant's response to that motion reiterated his challenge to the 2001 judgment, making clear that he was contesting the order for disbursal of funds and the supplemental judgment only insofar as, in his view, the 2001 judgment for partition of the ranch by sale of the property was void.

In December 2006, by order, we granted plaintiffs' motion to dismiss. We determined that defendant was precluded from challenging the 2001 judgment, which had become final following defendant's unsuccessful appeal. Defendant twice moved to reconsider the dismissal and we denied both motions.

■ Plaintiffs now petition for an award of attorney fees under ORS 20.105(1):

"In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is

asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

Plaintiffs do not contend that defendant disobeyed a court order. It is apparent, therefore, that plaintiffs may seek attorney fees only if the appeal has no objectively reasonable basis.

Here, defendant timely appealed the 2006 supplemental judgment and order. Although those orders were appealable, defendant made it clear that the legal basis for his appeal was the contention that the 2001 judgment was void. Defendant already made that argument, and we considered and rejected it by written opinion. The Oregon Supreme Court has long recognized that a party cannot, in a second appeal, challenge or contest issues conclusively adjudicated or issues that could have been raised in the earlier appeal. In *Benbow v. The James John*, 61 Or 153, 121 P 899 (1912), the court explicitly held, "questions which could have been raised upon the first appeal are *res adjudicata*." *Id*. at 155. The grounds on which defendant challenged the 2001 judgment—so called "attorney fraud" and judicial conflict of interest—existed before entry of the judgment if they existed at all. Defendant had the opportunity then, or certainly no later than when he filed his motion for relief from the 2001 judgment, to assert these grounds. Defendant did not do so.

In order to proceed with his appeal from the order of disbursal and the supplemental judgment, defendant must have pointed to some error in the 2006 proceedings. Defendant not only failed to do that, but he affirmatively made clear that he intended to base his appeal on grounds that this court is precluded from considering. The ground on which defendant intended to pursue this appeal as a matter of law was unreasonable. Plaintiffs' petition for attorney fees is allowed.

Plaintiffs have requested attorney fees in the amount of $451. Defendant does not contest either the reasonableness of the number of hours claimed or counsel's

hourly rate. We determine that both are reasonable and allow attorney fees in the amount requested.

■        Plaintiffs also filed a statement of costs and disbursements, claiming only the prevailing party fee of $100 under ORS 20.190(1). However, plaintiffs also paid a first appearance fee, albeit belatedly. Under ORS 20.320, a prevailing party on appeal may recover the prevailing party fee and the party's filing or first appearance fee without filing a statement of costs and disbursements. Therefore, plaintiffs may recover their first appearance fee of $145, notwithstanding that they did not include it in their statement of costs and disbursements.

Petition for attorney fees allowed in the amount of $451; costs and disbursements allowed in the amount of $245.