Decided 3 June, 1901.

## TWISS *v.* BOEHMER.

[65 Pac. 18.]

LANDLORD AND TENANT—STATUTORY CONSTRUCTION.

1. In Oregon the action of forcible entry and detainer is not a substitute for trespass or ejectment, but is confined to those cases where the entry or detention is forcible, or where, the relation of landlord and tenant existing, the tenant refuses to vacate when holding over after the expiration of the term, or refuses to vacate after receiving notice to quit.

CREATING RELATION OF LANDLORD AND TENANT.

2. The relation of landlord and tenant is the result of a contract, either express or implied, by which the lessor gives up possession of certain premises, and the lessee takes possession with the lessor's permission—and in this case the evidence fairly shows that such a relationship existed between the parties.

FORCIBLE DETAINER—EVIDENCE OF OWNERSHIP.

3. In an action for forcible entry and detainer, it was not error to allow the plaintiff to testify to her ownership of the property, the evidence not being offered as proof of title, and not being prejudicial to defendant.

RECEIVING RENT FROM PROSPECTIVE TENANT.

4. The fact that plaintiff received rent in advance from a prospective tenant does not affect her right to possession of the premises as against the present tenant, who refused to vacate after the expiration of his term on notice to quit.

From Baker : ROBERT EAKIN, Judge.

Action by M. C. Twiss against William Boehmer. From a judgment in favor of plaintiff, defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. W. F. Butcher*.

For respondent there was a brief and an oral argument by *Mr. John L. Rand*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action of forcible entry and detainer, commenced in a justice's court, and appealed to the circuit court, where judgment was rendered in favor of the plaintiff. The pleadings are in the usual form. The only witnesses on the trial in the circuit court were the plaintiff and her husband. The plaintiff testified, in substance, that she was the owner of the property in controversy, and had been renting it for about three years ; that on or about August 1, 1900, and while a tenant by the name of Burgess occupied the premises as a blacksmith shop, the defendant informed her that he was going to buy the tools in the shop from Burgess, who meant to vacate the premises, and inquired whether she would lease them to him ; that she told him she could not because she had given the refusal thereof, in case Burgess should vacate, to one Kelley, who had offered her $15 a month rent, and she could not lease it to him if Kelley wanted the property ; that a short time afterwards she asked Burgess if he contemplated leaving, and

he told her he did not ; that about the first of September, as she was passing the shop, the defendant, who was working therein, stepped out and handed her $10 for the September rent, for which she gave him a receipt in his own name ; that she did not know at the time that Burgess had vacated, or intended vacating, the premises, and supposed the money was for the rent due from him or she would not have accepted it, as he had often told her that whenever the rent became due, if he was not in his shop, he would leave the money for her with one of his men, who would pay her, and to whom she should give a receipt ; that a few days later she saw Burgess working in another shop across the street, and asked the defendant about it, and he said Burgess was working there temporarily ; that soon afterwards Burgess told her he had sold out to the defendant and surrendered possession of the property to him ; that about the first of October she sent her husband to inform defendant that Kelley would take the property, and he could not have it ; that he refused to vacate, and on the eleventh of October she caused a written notice to quit to be served on him ; that Kelley had paid her the rent for October and November. Her husband testified that, as directed by his wife, he went to the shop to see defendant on the first of October, told him they had been offered $15 a month rent for the property, and asked him if he was willing to pay that amount ; that he said he was not, but offered to pay rent for October at the rate of $10 a month, which witness told him he could not accept, as he had been directed by his wife to inform him that if he would not pay $15 a month he would have to get out. At the close of the testimony defendant moved for a nonsuit, on the ground that the evidence did not tend to show the relation of landlord and tenant between the parties, or that either the entry or holding by defendant was by force. This motion the

court overruled, and, defendant declining to offer any evidence in his behalf, the cause was submitted to the jury, who returned a verdict in favor of the plaintiff, and from the judgment entered thereon this appeal was taken.

1.   Although there are several assignments of error in the record, the one principally relied upon is that the evidence was insufficient to show the relation of landlord and tenant between the parties.   It has been decided by this court that the summary remedy given by Chapter XLIV, Hill's Ann. Laws, for the forcible entry and detainer of land, is not a substitute for an action of trespass or ejectment, but is confined to cases where the entry or detention is by force (*Taylor* v. *Scott*, 10 Or. 483 ; *Harrington* v. *Watson*, 11 Or. 143, 50 Am. Rep. 465, and note, 3 Pac. 173); or where the relation of landlord and tenant exists between the parties, and the tenant, who is holding over after the expiration of his term, or has forfeited his right to the possession, refuses to vacate, after notice to quit : *Hislop* v. *Moldenhauer*, 21 Or. 208 (27 Pac. 1052).

2.   It is conceded in this case that neither defendant's entry into possession of the premises, nor his detention thereof, was by force ; and defendant contends that he was not a tenant of the plaintiff, and therefore his refusal to surrender possession after notice to quit was not constructive force, within the meaning of the statute.   The relation of landlord and tenant exists by virtue of a contract, express or implied, and, to constitute such relationship, there must be an occupancy of the premises in subordination to the title of the lessor, and with his permission, express or implied.   But no particular form of words is necessary for that purpose.   It is sufficient if it appears to have been the intent of the lessor to dispossess himself of the premises, and of the lessee to occupy pur-

suant to his permission : 1 Taylor, Landl. and Ten. (8 ed.) §§ 14, 19 ; *Moshier* v. *Reding,* 12 Me. 478 ; *Waller* v. *Morgan,* 18 B. Mon. 136. Now, the evidence tends to show that, although the defendant obtained possession of the premises without the knowledge or consent of the plaintiff and against her wish, yet his occupancy, during at least a portion of September, for which month the rent was paid by him, was with her permission or acquiescence. It is true she testified that she told him she could not lease the property to him if Kelley wanted it ; but, after he obtained possession through Burgess, she received the September rent from him, and retained it after she was advised of the facts in relation to the matter. It is insisted that the evidence shows that, immediately upon learning Burgess had vacated, she notified defendant that he could not have the property, and never acquiesced in his occupancy. But upon this point the evidence is somewhat indefinite, and it was, we think, a question for the jury. The defendant's entry was such as to preclude him from denying that he was a tenant of the plaintiff, and, when the plaintiff was informed of the circumstances of his holding, she had a right to elect to treat him as a tenant or as a trespasser, and we think the evidence tends to show that she elected to regard him as her tenant during the month for which the rent was paid. This is evidenced by her retention of the rent, and her making no objection to his occupancy. We are of the opinion, therefore, that there was no error in overruling the motion for a nonsuit.

3. It is next insisted that the court erred in permitting the plaintiff to testify that the property belonged to her. But this was a mere preliminary matter, not offered or intended as proof of title, and could not have been prejudicial to the defendant.

4. It is also urged that the court erred in refusing to instruct the jury that the plaintiff could not recover in this action because she had received the rent for October and November from Kelley. But this can not affect her right to the possession of the property as against the defendant, and is wholly immaterial in the present controversy. The only question in this case is her right to the possession as against the defendant, and if the relation of landlord and tenant existed between them, and the defendant after the expiration of his term refused to vacate upon notice to quit, she was entitled to judgment for the restitution of the property, notwithstanding she may have contracted to lease it to, and have received rent from, another person. Finding no error in the record, the judgment of the court below is affirmed.    AFFIRMED.

Decided 10 June; rehearing denied 8 July, 1901.