Argued January 14; affirmed January 28; rehearing denied
March 4, 1941

SCHROEDER ET AL. *v.* WOODY ET AL.

(109 P. (2d) 597)

Before KELLY, Chief Justice, and RAND, ROSSMAN and BAILEY, Associate Justices.

*Franklyn J. Kucera*, of Portland, for appellants.
*Walter T. McGuirk*, of Portland, for respondents.

RAND, J. This is an action under the forcible entry and detainer act (sections 8-301 to 8-328, O. C. L. A), to recover possession of certain real property in Multnomah county. The defendants are vendees in possession of the property under a contract to purchase and the plaintiffs are the vendors who contracted to sell and convey the property to the defendants. The case is here upon an appeal from an order and judgment sustaining a demurrer to the complaint and dismissing the action. The ground of demurrer was that the complaint failed to state a cause of action.

The complaint sets forth the contract in haec verba and alleges that the defendants are vendees in possession of the property under a contract to purchase. It then alleges, in substance, that the plaintiffs have complied with all the terms and conditions of the contract and that the defendants have failed to make certain stipulated payments and to comply with certain

conditions set forth in the contract and that, by reason thereof, plaintiffs are entitled to the immediate possession of the property.

The contract provides that, upon defendants' failure to make said payments or to comply with said conditions, all sums paid thereunder shall be forfeited to the plaintiffs and that the contract shall thereupon become void and of no effect without notice to either party.

The complaint also alleges that the defendants, although in default, have refused to surrender possession and are now withholding the same from plaintiffs by force.

■ Although for the purposes of the demurrer, the allegations referred to are admitted to be true, the defendants contend that an action of forcible entry and detainer cannot be maintained under our statute against a vendee in possession under a contract to purchase. This presents the sole question for decision upon this appeal.

■■ According to the great weight of authority, an action of forcible entry and detainer does not lie against a vendee in possession under a contract of purchase: Note, Ann. Cas., 1915C, p. 317. The proceeding in an action of forcible entry and detainer is possessory only and the remedy is purely of statutory origin. The only question involved in such case is the plaintiff's right to possession of the premises in dispute and no controversy can be raised as to the merits of the title. See note cited above. "Except in so far as they may be incidentally involved in showing the right of possession, questions of title are not involved and cannot be litigated or determined.": 36 C. J., p. 623.

As said in 22 Am. Jur., p. 934, section 35:

"Since the action of forcible entry and detainer is a special statutory proceeding, summary in its nature, and in derogation of the common law, it is a rule of universal application in such actions that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceeding be coram non judice and void. Even if the action is tried in a court of record, the latter does not proceed therein by virtue of its power as a court of general jurisdiction, but derives its authority wholly from the statute, and in such proceeding is, therefore, to be treated as a court of special and limited jurisdiction."

Again, as pointed out in the same volume at page 906:

"The phrase 'forcible entry and detainer' is in common use, but there is rarely a proceeding to which both terms apply. Although force ordinarily is an element of both, they are separate and distinct wrongs."

Section 8-311, O. C. L. A., defines what shall constitute an unlawful holding by force within the meaning of the statute. It provides:

"The following shall be deemed causes of unlawful holding by force within the meaning of this chapter:

(1) When the tenant or person in possession of any premises shall fail or refuse to pay rent within ten days after the same is due on the lease or agreement under which he holds, or to deliver possession of said premises after being in default on payment of rent for ten days.

"(2) When the lease by its terms has expired, and has not been renewed, or when the tenant or person in possession is holding from month to month, or year to year, and remains in possession after notice to quit, as in this act provided or is holding contrary to any condition or covenant of such lease, or is holding without any written lease or agreement therefor."

Section 8-313, O. C. L. A., provides:

"When a forcible entry shall be made upon any premises, or when an entry shall be made in a peaceable manner and the possession shall be held by force, the person entitled to the premises may maintain in the county where such property is situated an action to recover the possession thereof in the circuit court of said county, or before any justice of the peace of said county."

■ When these two sections are read together, and they are the only sections applicable here, it will be observed that the first section defines what shall constitute an unlawful holding by force within the meaning of the act and was intended to define and include every action of forcible detainer which may be brought under the act and to exclude all others. It will also be seen that section 8-313 contains no definition whatever of an unlawful holding by force and was intended merely to give a right of action in all cases where the act complained of comes fairly within the definition contained in section 8-311 and to exclude the bringing of all other actions under the act except where the entry was made forcibly. It is clear that where, as here, the defendants entered upon the land with plaintiffs' consent under a contract to purchase, the entry was not unlawful or forcible and, hence, section 8-313, which authorizes the bringing of an action of forcible entry and detainer where the entry was made forcibly and unlawfully, can have no application to this case.

■ It seems also clear that the unlawful holding by force, as defined in section 8-311, refers only to cases where the relation of landlord and tenant exists and, as this is not such a case, there is no authority conferred by the statute for the bringing of an action in this form. Hence, in this state, in conformity with the

great weight of authority, an action of forcible entry and detainer does not lie against a vendee in possession under a contract to purchase. For these reasons, the demurrer was properly sustained.

There is another reason why this action will not lie in the instant case. Under all the authorities, evidence of title is never admissible in a forcible entry and detainer action. "Title", says Blackstone, "is the means whereby the owner of lands has the just possession of his property": 2 Bl. Comm., 195. Or, as sometimes said, "Title is the means whereby a person's right to property is established", and, as said in *Sommer v. Compton*, 52 Or. 173, 178, 96 P. 124, "Legal title draws to it the possession."

■■ Under the provisions of this contract and under the allegations of this complaint, it would not be possible for the plaintiffs to regain possession of this property in any form of action or suit except upon proof of their compliance with the contract and of defendants' default and failure to perform. Such proof would be proof of title and of their present ownership and right to the possession of the property. Such proof, as held in *Twiss v. Boehmer*, 39 Or. 359, 65 P. 18, and by the authorities above cited, would be inadmissible in an action of forcible entry and detainer. From this it follows that, if evidence of title is not admissible in a forcible entry and detainer action, then the setting up in a complaint of facts constituting title, which could not be proved upon the trial of such action, adds nothing to the sufficiency of the complaint when challenged by demurrer. This affords an additional ground for holding that the demurrer was properly sustained.

For these reasons, the judgment appealed from is affirmed.