Argued September 8; affirmed September 19, 1944

## PURCELL *v.* EDMUNDS ET AL.

(151 P. (2d) 629)

Before BAILEY, Chief Justice, and BELT, LUSK, BRAND and HAY, Associate Justices.

*William B. Murray,* of Portland (Thomas R. Mahoney, of Portland, on the brief), for appellant.

*William G. Dunlap,* of Portland (W. W. Graves, of Portland, on the brief), for respondents.

BAILEY, C. J.    This is an action of forcible detainer, brought by Bertha Purcell against R. Harold Edmunds and N. Julienne Edmunds, his wife.    From a judgment in favor of the defendants for costs and disbursements the plaintiff has appealed.

The complaint is in the ordinary form for such proceedings.    The third amended answer to the complaint denies the allegations thereof and alleges that on July 18, 1942, Jesse E. Wise purchased from the plaintiff and her husband the property described in the complaint; that the purchase price of the realty and certain personal property thereon, mostly furniture, was $4,000; and that on that date the parties "executed the following agreement in writing:

"Portland, Oregon, July 18th, 1942.
"Received of Jessie E. Wise, and Gertrude M. Wise fifty [dollars] ($50.00) as earnest money on purchase of house as is 4346 N. E. Flanders street, Portland, Multnomah County, Oregon, house and lot as is including furniture, except personal belongings, music cabinet, one Berkey Gay bed, contract to be made up when $600.00 is paid on principal unpaid balances to draw interest at 6% per annum purchasers to have immediate possession.    Also sellers reserve one (1) odd antique arm chair, one brass lamp.
"Purchase price $4000.00.
                    "C. D. Purcell
                    "Bertha  Armida  Purcell".

Upon the execution of that agreement, the answer continues, Jesse E. Wise entered upon and occupied the premises until he relinquished possession thereof to the defendants, who have continued to occupy the same.    The defendants further allege that on or about

April 10, 1943, they purchased from Wise and his wife all their right, title and interest in and to the property here involved and the personal property above mentioned, and their rights "in and to the foregoing contract of sale"; that between July 19, 1942, and February 1, 1943, both dates inclusive, Jesse E. Wise paid to the plaintiff on the purchase price of the property the sum of $650, and thereafter, on March 30, 1943, Wise paid to the plaintiff the sum of $38.33, "to apply on the principal of said contract", and the further sum of $17.59, "as reimbursement to her for payment of the second quarter of 1942-43 taxes"; that during the month of May, 1943, the defendants tendered to the plaintiff the sum of $100 as installments due in April and May, which tender was refused by the plaintiff; and that thereafter the defendants tendered into court the sum of $150, "as payment of said contract for the months of April, May and June, 1943, which sum still stands as a deposit in this court." To that answer no reply was filed by the plaintiff.

██ The judgment for the defendants must be affirmed, on the authority of *Schroeder v. Woody,* 166 Or. 93, 109 P. (2d) 597. In that case it was pointed out that an action of forcible entry and detainer is a special statutory proceeding, in derogation of the common law. It was there decided that the Oregon statute in reference to forcible entry and detainer, §§ 8-311 to 8-324, both inclusive, O. C. L. A., is limited to cases in which the relation of landlord and tenant exists, except when the entry has been made forcibly. The summary remedy given by statute for the forcible entry and detainer of land is not a substitute for an action of trespass or ejectment: *Twiss v. Boehmer,* 39 Or. 359, 65 P. 18.

In the case at bar Jesse E. Wise and Gertrude M. Wise, his wife, entered into possession of the property with the knowledge and consent of the plaintiff. The entry of the defendants was made with the consent, or at least the acquiescence, of the plaintiff, who does not contend that such entry was unlawful or by force. In her complaint the plaintiff does not allege a forcible entry at all, but merely avers that the defendants are wrongfully and unlawfully withholding the property from her by force.

The relation of landlord and tenant between the plaintiff and the defendants does not and never did exist. The document executed by the plaintiff and her husband and delivered to Mr. and Mrs. Wise refers to the Wises as purchasers and the Purcells as sellers of the property that is the subject of this litigation. It mentions $4,000 as the purchase price, and acknowledges receipt of fifty dollars paid thereon by Mr. and Mrs. Wise. Further, the instrument states that the "purchasers [are] to have immediate possession". There was evidence introduced on behalf of both the plaintiff and the defendants as to the amount and manner of monthly payments to be made by the "purchasers" and as to the payment of taxes and insurance.

■■ We can not in this proceeding determine what interest, if any, the defendants have acquired in and to the real property described in the complaint: *Schroeder v. Woody*, supra. The only question before us is whether or not the evidence in the case discloses a right in the plaintiff to possession of the property. No such right has been established. The judgment appealed from is therefore affirmed.