Submitted on record and briefs November 5, 2002, reversed February 5, petition for review denied May 20, 2003 (335 Or 422)

## James William BUNCH,
*Respondent,*

*v.*

## Ingerid-Bereth-Elise: PEARSON,
*Appellant.*

99F 002525; A105652

62 P3d 878

Ingerid-Bereth-Elise: Pearson filed the brief *pro se*.

Holly J. Hummel filed the brief for respondent. With her on the brief was Holly Hummel & Associates, P. C.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

In this forcible entry and detainer (FED) action to recover possession of real property, defendant appeals from a judgment in favor of plaintiff. On appeal, she argues that the circuit court did not have authority under the FED statutes to award possession to plaintiff because title to the property was disputed. We reverse.

Defendant held an equitable interest in the subject property under a land sale contract. In 1983, defendant assigned 90 percent of her interest under the contract to plaintiff, her son. In 1992, the contract vendor transferred legal title to the property to plaintiff by warranty deed. The deed is absolute on its face and does not indicate that defendant presently owns any interest in the property.

In 1999, plaintiff brought this FED action against defendant in circuit court seeking restitution of the property. Defendant responded that plaintiff held his interest as a trustee for her benefit. Therefore, she contended, she was entitled to possession of the property. In the FED hearing, plaintiff offered the warranty deed as evidence of his right to possession, along with a letter from defendant to the vendor, written immediately before the property was deeded to him. The letter stated, "Please sign the deed to the property that I purchased from you at 5824 S.E. Yamhill to my son [plaintiff] in its entirety as he has given me monies for my needs over the years." Defendant maintained that, when she wrote the letter to the contract vendor instructing that the property be deeded to plaintiff, it was her intention that plaintiff hold the property in trust for her. Although defendant argued before the trial court that the property was held in trust, she was unable to offer any writings relating to the alleged trust agreement.

The trial court found that plaintiff had satisfied his burden to show *prima facie* evidence of ownership of the property and, thus, that he was entitled to possession of the property. The trial court specifically noted that defendant could bring a separate action relating to the alleged trust and that she might have an "equitable remedy later." Noting that it had no documents relating to a trust before it, the court

explained that whether there had been a breach of the alleged trust was

> "not really the lawsuit before [the court]. The lawsuit before [the court] is whether or not [plaintiff] has the right to possession and whether or not there's anything to prohibit him from regaining that possession."

Defendant raises a number of issues on appeal. Because her first argument is dispositive, we do not reach the other issues that she raises. She asserts that "[t]he court erred when it allowed an FED action to be a substitute for ejectment." According to defendant, "title to property cannot be litigated in an FED action except insofar as it may be incidentally involved in establishing the right of possession." We perceive the issue that she raises to be whether the trial court was without authority to award possession pursuant to an FED claim because both parties claimed title to the property and because there was no landlord-tenant relationship between the parties.

FED proceedings are statutory in nature and are "designed to be quick and summary, to obtain peaceful resolutions of possessory disputes." *Class v. Carter*, 293 Or 147, 150, 645 P2d 536 (1982). Under ORS 105.105 to 105.168,[1] the

---

[1] ORS 105.110 provides:

"When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and possession is held by force, the person entitled to the premises may maintain in the county where the property is situated an action to recover the possession of the premises in the circuit court or before any justice of the peace of the county."

ORS 105.115(1) states:

"Except as provided by subsections (2) and (3) of this section, the following are causes of unlawful holding by force within the meaning of ORS 105.110 and 105.125:

"(a) When the tenant or person in possession of any premises fails or refuses to pay rent within 10 days after it is due under the lease or agreement under which the tenant or person in possession holds, or to deliver possession of the premises after being in default on payment of rent for 10 days.

"(b) When the lease by its terms has expired and has not been renewed, or when the tenant or person in possession holding from month to month, or year to year, and remains in possession after notice to quit as provided in ORS 105.120, or is holding contrary to any condition or covenant of the lease or is holding possession without any written lease or agreement."

Subsections (2) and (3) refer to cases that fall under the Residential Landlord Tenant Act (RLTA), ORS chapter 90. Both parties in this case agree that the RLTA does not apply.

issue that is to be decided in FED cases is entitlement to possession. Although other statutes may allow for additional remedies, under the FED statutes, "[o]nly one issue is involved: the right of possession." *Class*, 293 Or at 150. For an FED action to be cognizable, there must be either a forcible entry or an unlawful holding by force. In this case, there is no evidence of a forcible entry by defendant. As to the latter requirement, the statutory definition of an "unlawful holding by force" refers only to circumstances where a landlord-tenant relationship exists. *Aldrich v. Forbes*, 237 Or 559, 391 P2d 748 (1964); *Schroeder v. Woody*, 166 Or 93, 97, 109 P2d 597 (1941).[2] Under Oregon law, the Supreme Court's interpretation of a statute becomes part of the statute itself. *State v. King*, 316 Or 437, 445, 852 P2d 190 (1993). Thus, for plaintiff to prevail in an FED action against defendant in this case, he must establish a landlord-tenant relationship between defendant and himself.

■■ Because defendant entered the property as an equitable owner under the land sale contract, her entry cannot be said to be unlawful or by force. *See Schroeder*, 166 Or at 97. Further, there is no landlord-tenant relationship between the parties. Although plaintiff argues that defendant should be considered either a tenant at sufferance under ORS

---

[2] *Schroeder* was decided in 1941 under OCLA §§ 8-313 and 8-311. We note that the relevant statutory text is substantially similar to the current version of the FED statute. OCLA § 8-313 (1940) provided:

"When a forcible entry shall be made upon any premises, or when an entry shall be made in a peaceable manner and the possession shall be held by force, the person entitled to the premises may maintain in the county where such property is situated an action to recover the possession thereof in the circuit court of said county, or before any justice of the peace of said county."

OCLA § 8-311 (1940) provided:

"The following shall be deemed causes of unlawful holding by force within the meaning of this chapter:

"(1) When the tenant or person in possession of any premises shall fail or refuse to pay rent within ten days after the same is due on the lease or agreement under which he holds, or to deliver possession of said premises after being in default on payment of rent for ten days.

"(2) When the lease by its terms has expired, and has not been renewed, or when the tenant or person in possession is holding from month to month, or year to year, and remains in possession after notice to quit, as in this act provided or is holding contrary to any condition or covenant of such lease, or is holding without any written lease or agreement therefor."

91.040[3] or a tenant at will under ORS 91.050,[4] neither statutory definition is applicable on these facts. While this action might have been proper under ORS 105.005[5] as an action for ejectment, an FED action "is not a substitute for an action of trespass or ejectment[.]" *Purcell v. Edmunds*, 175 Or 68, 70, 151 P2d 629 (1944). Therefore, the trial court erred in awarding plaintiff relief under ORS 105.105 to 105.168.

Reversed.

---

[3] ORS 91.040 defines a tenant at sufferance as:

"One who comes into possession of the real estate of another lawfully, but who holds over by wrong after the termination of the term, is considered as a tenant at sufferance. No notice is required to terminate a tenancy at sufferance."

[4] ORS 91.050 defines a tenant at will as:

"One who enters into the possession of real estate with the consent of the owners, under circumstances not showing an intention to create a freehold interest, is considered a tenant at will. When the rent reserved in the lease at will is payable at periods of less than three months, a notice to terminate the tenancy is sufficient if it is equal to the interval between the times of payment of rent. The notice to terminate a tenancy at will is sufficient if given for the prescribed period prior to the expiration of the period for which, by the terms of the lease and holding, rents are paid."

[5] ORS 105.005 provides:

"(1) Any person who has a legal estate in real property and a present right to the possession of the property, may recover possession of the property, with damages for withholding possession, by an action at law. The action shall be commenced against the person in the actual possession of the property at the time, or if the property is not in the actual possession of anyone, then against the person acting as the owner of the property.

"(2) In an action brought under subsection (1) of this section or in a separate action for damages only, a person who, throughout the vesting period, used or occupied land of another with the honest and objectively reasonable belief that the person was the actual legal owner of the land shall not be liable for:

"(a) Double or treble damages under ORS 105.810(1) to (3) or 105.815; or

"(b) The value of the use or occupation of the land by the person throughout the vesting period."