Submitted on record and briefs April 2, reversed June 9, 2004

Brent KERR,
*Respondent,*

*v.*

Norman JONES
and Hugh Jones,
*Defendants,*

*and*

Edward JONES,
*Appellant.*

02CV4211ET; A120512

91 P3d 828

Edward Jones filed the briefs *pro se*.

Jeffrey L. Pugh filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Defendant appeals from a judgment in favor of plaintiff in this forcible entry and detainer (FED) action to recover possession of real property. Defendant argues that the trial court lacked authority under the FED statutes to award possession to plaintiff because defendant acquired title as a co-owner, and, therefore, defendant does not occupy the property as a tenant. We reverse.

Defendant occupies the subject property. He originally took possession of the property as a tenant in common with other persons. In 2000, some of the cotenants filed an action against defendant for partition of the property (the partition action). In May 2002, the trial court entered a judgment in the partition action that appointed a referee to sell the property at a public sale. Defendant appealed from that judgment, and that appeal is now pending in this court. After filing the notice of appeal, defendant did not file a supersedeas bond. In June 2002, the referee sold the property at a public sale. Plaintiff was the successful bidder at the sale. In September 2002, the referee conveyed the property to plaintiff by bargain and sale deed. After the sale, defendant filed in this court a motion to stay proceedings before the trial court pending appeal. We denied the motion for a stay.

In November 2002, plaintiff filed this FED action against defendant. The complaint alleged that defendant was unlawfully holding the property by force. Defendant responded that he claimed title to the property. Therefore, he contended, he was entitled to possession of the property. In the FED hearing, the trial court took judicial notice of the proceedings in the partition action. The trial court found that plaintiff had satisfied his burden to produce *prima facie* evidence of ownership of the property and, thus, that he was entitled to possession of the property. Accordingly, the trial court entered a judgment in favor of plaintiff for restitution of the property.

Defendant makes two assignments of error on appeal. Because his first argument is dispositive, we begin and end our analysis with that issue. Defendant argues that

the trial court lacked authority to award possession to plaintiff in an FED action because both parties claimed title to the property and there was no landlord-tenant relationship between them.

█   Under ORS 105.105 to 105.168, the issue for decision in an FED action is whether the plaintiff is entitled to possession of the subject property. *Class v. Carter*, 293 Or 147, 150, 645 P2d 536 (1982). In *Bunch v. Pearson*, 186 Or App 138, 142, 62 P3d 878, *rev den,* 335 Or 422 (2003), we stated:

> "For an FED action to be cognizable, there must be either a forcible entry or an unlawful holding by force. In this case, there is no evidence of a forcible entry by defendant. As to the latter requirement, the statutory definition of an 'unlawful holding by force' refers only to circumstances where a landlord-tenant relationship exists. *Aldrich v. Forbes*, 237 Or 559, 391 P2d 748 (1964); *Schroeder v. Woody*, 166 Or 93, 97, 109 P2d 597 (1941). Under Oregon law, the Supreme Court's interpretation of a statute becomes part of the statute itself. *State v. King*, 316 Or 437, 445, 852 P2d 190 (1993). Thus, for plaintiff to prevail in an FED action against defendant in this case, he must establish a landlord-tenant relationship between defendant and himself."

(Footnote omitted.) Here, as in *Bunch*, the complaint alleges that defendant unlawfully holds the property by force. Because that allegation required proof that the parties occupied a landlord-tenant relationship, and the evidence showed that no such relationship existed, plaintiff was not entitled to obtain possession of the property by means of an FED action. *See Bunch*, 186 Or App at 142.

Plaintiff argues that *Bunch*, and the cases on which it relies, should be limited to their facts. Plaintiff contends that, by their terms, the FED statutes do not require the existence of a landlord-tenant relationship between the plaintiff and the defendant. Plaintiff reasons that, because those cases misconstrue the plain language of the relevant statutes, they must be limited to circumstances in which the defendant claims an ownership interest in the subject property as a contract purchaser. We disagree.

ORS 105.110 provides:

"When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and possession is held by force, the person entitled to the premises may maintain in the county where the property is situated an action to recover the possession of the premises in the circuit court or before any justice of the peace of the county."

Because defendant entered the property as a co-owner, his entry cannot be said to be unlawful or by force. *See Schroeder*, 166 Or at 97. Furthermore, the terms of the FED statutes preclude the conclusion that defendant holds possession of the property by force. As we observed in *Bunch*, ORS 105.115(1) defines the circumstances under which property is unlawfully held by force. *Bunch*, 186 Or App at 141 n 1. Each of those circumstances requires the existence of a landlord-tenant relationship between the plaintiff and the defendant.[1] *Schroeder*, 166 Or at 97-98; *Bunch*, 186 Or App at 142. Plaintiff's contrary argument notwithstanding, by referring to persons "holding possession without any written lease or agreement," ORS 105.115(1)(b) does not broaden the field of prospective FED defendants beyond persons who qualify as tenants at sufferance or tenants at will. *See Bunch*, 186 Or App at 142-43 (holding that contract purchaser was not a tenant at sufferance under ORS 91.040 or a tenant at will under ORS 91.050).

---

[1] ORS 105.115(1) provides:

"Except as provided by subsections (2) and (3) of this section, the following are causes of unlawful holding by force within the meaning of ORS 105.110, 105.123 and 105.126:

"(a) When the tenant or person in possession of any premises fails or refuses to pay rent within 10 days after it is due under the lease or agreement under which the tenant or person in possession holds, or to deliver possession of the premises after being in default on payment of rent for 10 days.

"(b) When the lease by its terms has expired and has not been renewed, or when the tenant or person in possession is holding from month to month, or year to year, and remains in possession after notice to quit as provided in ORS 105.120, or is holding contrary to any condition or covenant of the lease or is holding possession without any written lease or agreement."

Subsections (2) and (3) of ORS 105.115 apply to cases that fall under the Residential Landlord Tenant Act (RLTA), ORS chapter 90. The RLTA does not apply in this case.

In conclusion, it is immaterial that defendant here is not a contract purchaser of the property but, rather, originally occupied the property as a co-owner. Because defendant neither took nor held possession of the property by force within the meaning of ORS 105.110 and ORS 105.115, plaintiff could not obtain restitution of the property in this FED action.

Reversed.