On appellant's motion - stay previous judgment/order and emergency motion under ORAP 7.35 filed June 5; respondent's answer to appellant's motion - stay previous judgment/order filed on June 11; appellant's reply to respondent's answer to motion for stay filed June 19; motion for review of supersedeas undertaking granted; order on supersedeas undertaking reversed and remanded
September 26, 2007

## LIG INVESTMENTS LLC,
*Plaintiff-Respondent,*

*v.*

## Rhona ROACH,
*Defendant-Appellant.*

## Polk County Circuit Court
07P7072; A135568

170 P3d 561

Jossi Davidson for motion.

Sean M. Driscoll and Saalfeld Griggs PC *contra*.

Before Wollheim, Presiding Judge, and Schuman and Rosenblum, Judges.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Plaintiff LIG Investments, LLC, filed this forcible entry and detainer (FED) action under the Oregon Residential Landlord and Tenant Act, ORS chapter 90, alleging that it was entitled to restitution of the residential property occupied by defendant Roach and all other defendants.[1] The trial court entered a judgment granting plaintiff restitution, and defendant appealed from that judgment. Defendant sought to stay the judgment pending appeal and filed a supersedeas undertaking in which she promised to pay $1,000 per month. After plaintiff filed objections, the trial court ruled that the supersedeas undertaking was insufficient and ordered defendant to pay $2,706 per month, the amount plaintiff had suggested. Defendant seeks review of that order. The issue on review is whether the supersedeas undertaking in an FED appeal should be limited to the fair market rental value of the property or whether plaintiff is entitled to include other expenses as well. We review the trial court's order *de novo*, ORS 19.360(2), and reverse and remand.

Plaintiff purchased defendant's residence at a trustee's sale following foreclosure of a trust deed. In response, defendant filed a separate action, currently pending, for injunctive and declaratory relief, in which she challenges the validity of the sale. Defendant has already tendered $12,000 in that case to stay the sale pending resolution of that action. In the meantime, plaintiff filed, and prevailed in, this FED action to gain possession of the property.

Before the trial court, defendant argued that a supersedeas undertaking in the amount of $1,000 per month is a sufficient amount because her former monthly mortgage payment, exclusive of taxes and insurance, was $960 per month. In essence, defendant argued that $1,000 per month was the reasonable rental value of the property, and that her use and occupation of the property was that of a tenant. Plaintiff objected, arguing that the purpose of a supersedeas undertaking is to protect the successful party who obtained a judgment. Plaintiff, although conceding that $1,000 per

---

[1] Only defendant Roach appealed from the judgment and only she requested a stay of the judgment. In the rest of the opinion, we refer only to defendant Roach.

month was a reasonable rental amount for the property, argued that it was entitled to recover its expenses in conjunction with the purchase of the property. According to plaintiff, those expenses, in addition to the reasonable rental value, should include (1) its cost in interest for borrowing funds to purchase the property, and (2) interest on the presumed profit it would make if it were able to resell the property as planned, for a total of $2,706 per month.

The trial court agreed with plaintiff's analysis and ordered defendant to pay that amount per month. On review, defendant argues that she cannot afford to pay the amount set by the trial court and should be permitted to pay the $1,000 per month as rent while this appeal is pending.

ORS 19.335(2)[2] provides the exclusive means to stay a judgment requiring the transfer or delivery of real property pending appeal. Under that provision, defendant was required to agree that she would pay "the value of the use and occupation of the property for the period of possession if the judgment is affirmed." Defendant's sole argument is that the "value of the use and occupation" is the fair market rental value of the subject property, $1,000 per month.

■   In the absence of a landlord-tenant relationship between plaintiff and defendant, it is unclear that an FED detainer action was the correct mechanism for gaining possession of real property from a former owner. *See Bunch v. Pearson*, 186 Or App 138, 142, 62 P3d 878, *rev den*, 335 Or 422 (2003) ("unlawful holding by force" requirement for forcible entry and detainer action refers only to landlord-tenant relationship). Nevertheless, it was plaintiff's choice to use that remedy, and, thus, plaintiff is bound by ORS 19.335(2), which requires a supersedeas undertaking based on defendant's use and occupation of the property as a tenant.

---

[2] ORS 19.335(2) provides:

"If a judgment requires the transfer or delivery of possession of real property, a supersedeas undertaking acts to stay the judgment if the undertaking provides that the appellant will not commit waste or allow waste to be committed on the real property while the appellant possesses the property, and the appellant will pay the value of the use and occupation of the property for the period of possession if the judgment is affirmed. The value of the use and occupation during the period of possession must be stated in the undertaking."

■       We determine that the value of the use and occupation of real property in an FED action is the fair market rental value of the property. Plaintiff's financing arrangements for the purchase of the property, and what it would have done with the property had plaintiff acquired clear title and possession, are not relevant factors in an FED action.

It does not appear that the trial court determined the fair market rental value of the property in question. However, defendant appears to concede that the fair market rental value is approximately $1,000 per month.[3] Therefore, we grant the motion for review, reverse the trial court's order on the supersedeas undertaking, and remand the matter of the sufficiency of defendant's supersedeas undertaking to the trial court for a determination of the fair market rental value of the property. ORS 19.360(4).

Because defendant has conceded that the fair market rental value of the property is approximately $1,000 per month, the stay of enforcement of the judgment is continued in effect on the condition that defendant deposit that amount with the trial court each month until the trial court has had the opportunity to hold a hearing and determine the fair market rental value of the property.

Motion for review of supersedeas undertaking granted; order on supersedeas undertaking reversed and remanded.

---

[3] Before the trial court, plaintiff acknowledged that it "does not dispute that $1,000 per month is a reasonable rental value" for the property.