Argued and submitted May 7, 2019; reversed January 2; respondent's petition for reconsideration filed February 5, and appellant's response to petition for reconsideration filed February 11, allowed by opinion April 8, 2020
See 303 Or App 456, ___ P3d ___ (2020)

THE BANK OF NEW YORK MELLON,
fks The Bank of New York
on behalf of Certificateholders of the CWALT Inc.
Alternative Loan Trust 2006-OA10,
*Plaintiff-Respondent,*

*v.*

Anthony LASH,
and all other occupants,
*Defendant-Appellant.*

Washington County Circuit Court
18LT07750; A168204

457 P3d 345

Plaintiff brought a forcible entry and wrongful detainer (FED) action to obtain possession of property it purchased at a sheriff's sale following judicial foreclosure of defendant's legal interest in the property. Defendant claimed no title interest in the property. The parties agreed that they were not in a landlord-tenant relationship. The trial court entered a judgment of eviction for plaintiff. *Held*: The trial court lacked authority to award possession to plaintiff in an FED action. The use of ORS 105.115 to establish a plaintiff's right to possession of property is limited to circumstances following a defendant's forcible entry onto or unlawful holding of that property. A defendant who entered property as an owner entered peacefully and not by force. An "unlawful holding" refers only to circumstances where a landlord-tenant relationship exists. Plaintiff's purchase of defendant's property following judicial foreclosure did not create the landlord-tenant relationship required to maintain plaintiff's FED action under ORS 105.115.

Reversed.

Janelle F. Wipper, Judge.

Caleb S. Leonard argued the cause for appellant. Also on the briefs was Tyler Smith and Associates, PC.

Katrina E. Glogowski argued the cause and filed the brief for respondent.

Before Powers, Presiding Judge, and Mooney, Judge, and Linder, Senior Judge.*

MOONEY, J.

Reversed.

_____
* Mooney, J., *vice* Ortega, P. J.

## MOONEY, J.

Defendant appeals from a judgment of eviction in favor of plaintiff in this forcible entry and detainer (FED) action to recover possession of real property. Defendant argues, first, that the complaint lacked an essential statutory element and, therefore, should have been dismissed as a pleading matter and, second, that plaintiff may not maintain an FED action against him in any event because there is no landlord-tenant relationship between the parties. We need not reach defendant's first assignment of error[1] because we conclude that the trial court lacked authority to award possession to plaintiff through an FED action. Accordingly, we reverse.

The following facts are not in dispute. The property in question had been defendant's home, occupied by him as owner for over 40 years. Plaintiff purchased the property at a sheriff's sale following judicial foreclosure of defendant's legal interest in that property. Defendant does not claim a title interest in the property. Plaintiff does not claim that it is in a landlord-tenant relationship with defendant.

ORS 105.110 provides for an FED action as follows:

> "When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and possession is held by force, the person entitled to the premises may maintain in the county where the property is situated an action to recover the possession of the premises in the circuit court or before any justice of the peace of the county."

An FED action may, therefore, be used to establish a plaintiff's right to possession of the property following a defendant's forcible entry or an unlawful holding. It is a statutory cause of action designed to allow quick resolution of a single issue between a landlord and tenant: Who is entitled to

---

[1] Plaintiff used the complaint form set forth in ORS 105.124 specifically designed for FED actions subject to ORS chapter 90, the Residential Landlord Tenant Act. Plaintiff does not argue that the Residential Landlord Tenant Act applies to this case. Instead, it argues that its selection and use of that form and, in particular, the way it filled it out is in substantial compliance with ORS 105.123 concerning FED complaints where ORS chapter 90 does not apply. Because an FED action was not the proper action to file in this case, it does not matter which form plaintiff selected; both forms were wrong.

possession of the property? *Aldrich v. Forbes*, 237 Or 559, 567, 391 P2d 748 (1964).

Plaintiff does not maintain that defendant entered the property forcibly. Indeed, because he entered as a property owner, he did not enter by force. Plaintiff instead maintains that defendant holds the property by force because he continues to occupy it following a sheriff's sale. It is well established, however, that the statutory definition of an "unlawful holding by force" refers only to circumstances where a landlord-tenant relationship exists. *Bunch v. Pearson*, 186 Or App 138, 142, 62 P3d 878, *rev den*, 335 Or 422 (2003) (citing *Aldrich*, 237 Or 559).

Plaintiff argues that this case is distinguishable from *Aldrich* and *Bunch* because, although the parties in those cases were not in landlord-tenant relationships, the defendants in those cases also claimed some title interest in the property. Defendant in this case does not claim any such interest in the property. We disagree with plaintiff that the absence of a title dispute requires a different outcome in this case. In both *Bunch* and *Aldrich*, the absence of the landlord-tenant relationship was the stated rationale for the conclusion that the defendants in each case were not holding the property by force under ORS 105.110. *Id*. at 142; *Aldrich*, 237 Or at 572.

*Kerr v. Jones*, 193 Or App 682, 91 P3d 828 (2004), is consistent on that point and is instructive because it involved an FED action filed by a successful bidder at a public sale. In that case, the defendant disputed title because his appeal from the judgment of partition was still pending. *Id*. at 684. But, more importantly, he was not in a landlord-tenant relationship with the successful bidder who filed the FED action. *Id*. Because the defendant originally occupied the property as a co-owner (entry made in a peaceable manner) and was not in a landlord-tenant relationship with the plaintiff (not capable of holding by force), we held that the plaintiff could not obtain restitution of the property in an FED action. *Id*. at 687. The same is true here. Defendant was not plaintiff's tenant and he therefore cannot be said to have been holding the property by force within the meaning of ORS 105.110. Because defendant in this case neither

took nor held possession of the property by force within the meaning of ORS 105.110 and ORS 105.115, plaintiff cannot obtain restitution of the property in this FED action.

Plaintiff nevertheless urges us to decide whether a purchaser at a judicial foreclosure sale may obtain possession of the property by filing an FED action notwithstanding the lack of a landlord-tenant relationship. Plaintiff argues that requiring such a purchaser to complete an ejectment action is "simply untenable," asserting that post-foreclosure FED actions are filed in Oregon circuit courts "every single day," including post-judicial foreclosure actions. In essence, plaintiff argues that a purchaser at a sale following judicial foreclosure should be permitted to file an FED action to obtain possession in the same manner as a purchaser at a sale following nonjudicial foreclosure. The difference, however, is that ORS 86.782(6) expressly authorizes use of an FED action to obtain possession following nonjudicial foreclosure of a trust deed. In such cases, a landlord-tenant relationship exists because the statute expressly defines one who remains in possession after such a sale as a tenant at sufferance. ORS 86.782(6)(a). No comparable statutory provision exists for purchasers of property following judicial foreclosure.[2] Our case law, as previously cited and discussed, is clear: Without a landlord-tenant relationship, there is no holding by force within the meaning of the FED statutes. The legislature has not extended the use of FED actions to purchasers following judicial foreclosures.[3]

Reversed.

---

[2] Although ORS 18.946 provides that the purchaser is entitled to possession following an execution sale, it does not address the mechanism for obtaining possession.

[3] Our conclusion that the use of FED actions is not available under the circumstances of this case does not foreclose other potential remedies such as an ejectment action under ORS 105.005.