On respondent's petition for reconsideration filed February 5, and appellant's response to the petition for reconsideration filed February 11; reconsideration allowed, former opinion (301 Or App 658, 457 P3d 345) withdrawn, affirmed April 8, 2020

THE BANK OF NEW YORK MELLON,
fks The Bank of New York
on behalf of Certificateholders of the CWALT Inc.
Alternative Loan Trust 2006-OA10,
*Plaintiff-Respondent,*

*v.*

Anthony LASH,
and all other occupants,
*Defendant-Appellant.*

Washington County Circuit Court
18LT07750; A168204

463 P3d 614

Plaintiff seeks reconsideration in *Bank of New York Mellon v. Lash*, 301 Or App 658, 457 P3d 345 (2020) (*Lash I*). Plaintiff purchased defendant's property following a sheriff's sale and brought a forcible entry and detainer (FED) action to evict defendant. Defendant moved to dismiss, arguing that plaintiff (1) failed to allege the elements necessary to maintain an FED action and (2) could not maintain an FED action in the first instance because the two parties were not in a landlord-tenant relationship. In *Lash I*, the Court of Appeals agreed with defendant's second argument and reversed the judgment of eviction. In its petition, plaintiff, for the first time in this case, points out that ORS 105.115 (1)(d) does not require a landlord-tenant relationship to maintain an FED action. *Held*: Reconsideration is appropriate and the former opinion in *Lash I* is withdrawn because ORS 105.115(1)(d) permits plaintiff's FED action. Because plaintiff could maintain its FED action, the court reached defendant's alternative argument and held that plaintiff's complaint was not deficient.

Reconsideration allowed; former opinion withdrawn; affirmed.

Janelle F. Wipper, Judge.

Eric Marshack for petition.

Caleb S. Leonard and Tyler Smith & Associates, P.C., for response.

Before Powers, Presiding Judge, and Mooney, Judge, and Linder, Senior Judge.

MOONEY, J.

Reconsideration allowed; former opinion withdrawn; affirmed.

**MOONEY, J.**

This forcible entry and detainer (FED) case is before us on plaintiff's petition seeking reconsideration of our opinion in *Bank of New York Mellon v. Lash*, 301 Or App 658, 457 P3d 345 (2020), in which we reversed the trial court's judgment of eviction. Although we generally do not consider arguments made for the first time on reconsideration, we will do so on the record before us to correct our mistake and to avoid confusion that would logically flow from that mistake. For the reasons stated below, we allow reconsideration, withdraw our former opinion, and affirm.

In *Bank of New York Mellon*, plaintiff raised, and the parties briefed and argued, two issues: (1) whether the trial court should have dismissed the complaint for failure to plead an essential statutory element of "unlawfully holding by force"; and (2) whether the trial court should have directed a verdict for defendant on the theory that the element of "unlawfully holding by force" requires a landlord-tenant relationship between the parties. In our opinion, we did not reach the first issue because we resolved the appeal on the second, agreeing that the statutory meaning of "unlawfully holding by force" refers only to circumstances where a landlord-tenant relationship exists and does not extend to a person who unlawfully continues to occupy premises following a sheriff's sale. *Id.* at 661.

In petitioning for reconsideration, plaintiff argues that we did not consider ORS 105.115(1)(d) in reaching our decision and, because we did not, we incorrectly concluded that the legislature had not extended the use of FED actions to purchasers following judicial foreclosures. That paragraph, which was added to the statute in 2009, Or Laws 2009, ch 638, § 1, specifically provides that one cause of an unlawful holding by force occurs when "the person in possession of a premises remains in possession after the time when a purchaser of the premises is entitled to possession" pursuant to the statutes governing sheriff's sales. In response, defendant does not appear to dispute the legal significance of the statute or that, under ORS 105.115 (1)(d), a person who holds over unlawfully after a sheriff's sale "unlawfully holds by force" within the meaning of that

provision. Defendant, however, urges that it is too late for plaintiff to rely on the statute for the first time in its petition for reconsideration and that we should reject plaintiff's argument as unpreserved.

Defendant is correct that, in general, we do not consider arguments raised for the first time in support of a petition for reconsideration as a basis on which to allow reconsideration and modify our prior opinion. The reasons for that general rule are to "'prevent a party from appealing in a piecemeal manner,' to 'keep[] a party from shifting its position,' and to 'promote the finality of appellate courts' decisions and to conserve judicial time.'" *Vasquez v. Double Press Mfg., Inc.*, 288 Or App 503, 509, 406 P3d 225 (2017) (quoting *Kentner v. Gulf Ins. Co.*, 298 Or 69, 74, 689 P2d 955 (1984) (brackets in *Vasquez*)). Here, the need for reconsideration was created, in part, by plaintiff's failure to bring the 2009 amendments to ORS 105.115 to the court's attention. That would have been the most direct and obvious response to defendant's argument that a landlord-tenant relationship is required for an FED action to lie. In fact, plaintiff affirmatively characterized this as "a case of first impression for the Court of Appeals" that was not resolved either by statute or case law. Defendant cited and relied only on cases decided under the pre-2009 statutory provisions. The parties thus framed the issues for this appeal without reference to the 2009 amendments that added ORS 105.115(1)(d) to ORS chapter 105.

Regardless of why the case was presented as it was on appeal, our focus on the issues as framed by the parties resulted in an incorrect statement of the law. Contrary to our opinion, for purposes of an FED action, a person unlawfully holds property by force "[w]hen the person in possession of a premises remains in possession after the time when a purchaser of the premises is entitled to possession[.]" *Federal National Mortgage Association v. Bellamy*, 265 Or App 404, 410, 336 P3d 526 (2014) (citing ORS 105.115(1)(d)). An FED action was, therefore, available to plaintiff as the post-foreclosure purchaser of the premises, despite the fact that the parties lacked a landlord-tenant relationship.

Under these circumstances, we conclude that we should withdraw our prior opinion despite plaintiff's failure to raise and rely on ORS 105.115(1)(d) until seeking reconsideration. The problem here, contrary to defendant's position, is not a lack of preservation. Had we become aware of ORS 105.115(1)(d) despite the parties' failure to cite it, we would properly have considered it, and it would have led us to a different statutory conclusion. *See generally Dept. of Human Services v. J. R. F.*, 351 Or 570, 579, 273 P3d 87 (2012) (court's obligation to interpret statutes correctly includes obligation to consider all relevant statutes, even if parties do not cite and rely on those statutes). In this instance, we misstated the law and that misstatement is likely either to mislead or invite confusion for the bench and bar in an area of frequent litigation. We can readily correct that misstatement of law, and we should do so in this instance. We therefore allow reconsideration, withdraw our prior opinion, and, for the reasons we have discussed, we conclude that the trial court correctly denied defendant's motion for directed verdict.

Our rejection of defendant's second assignment of error requires us to reach his first assignment of error, which challenges the trial court's denial of his motion to dismiss the complaint for failure to allege an essential element of his FED claim. Specifically, defendant argues that plaintiff was required to plead that defendant entered the premises with force or unlawfully held the premises with force, but, according to defendant, plaintiff failed to do so.

ORS 105.110 authorizes the filing of an FED action as follows:

> "When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and possession is held by force, the person entitled to the premises may maintain in the county where the property is situated an action to recover the possession of the premises in the circuit court or before any justice of the peace of the county."

An FED action is a statutory cause of action designed to allow quick resolution of a single issue between a landlord and tenant or, as is the case here, between a purchaser at a foreclosure sale and a person who maintains possession following the sale: Who is entitled to possession of the

property? *See generally Aldrich v. Forbes*, 237 Or 559, 391 P2d 748 (1964). The elements that must be pleaded are set forth in ORS 105.123:

> "(1)  A description of the premises with convenient certainty;
>
> "(2)  That the defendant is in possession of the premises;
>
> "(3)  That, in the case of a dwelling unit to which ORS chapter 90 does not apply, the defendant entered upon the premises with force or unlawfully holds the premises with force; and
>
> "(4)  That the plaintiff is entitled to the possession of the premises."

FED complaints must be in "substantially" the form set forth in ORS 105.124 (when the Residential Landlord Tenant Act (RLTA) applies) or in ORS 105.126 (when the RLTA does not apply). ORS 105.130(6) provides that, in non-RLTA cases, "the complaint must be in the form prescribed in ORS 105.126."

Here, it is undisputed that the RLTA does not apply to this FED case. Plaintiff therefore should have used a pleading substantially in the form of complaint set out in ORS 105.126. Plaintiff instead incorrectly used the form set out in ORS 105.124 for RLTA cases. As relevant here, the form for non-RLTA cases includes allegations that the defendant "entered upon the premises with force or is unlawfully holding the premises with force." ORS 105.126. The form for RLTA cases does not contain that allegation. It does, however, include an allegation that the plaintiff is entitled to possession of the premises and permits the plaintiff either to select among various specified reasons or to fill in a blank describing some "other" reason why the plaintiff is entitled to possession. In this case, plaintiff filled in that blank by alleging: "ORS 105, et. Se[q]. and ORS 88, et. Seq. as the defendants hold over the property following a sheriff's sale."

Defendant argues that plaintiff's use of the incorrect complaint form required its dismissal because it omitted an essential element (holding the premises by force) and was, therefore, "facially ineffective." In support of that argument, defendant argues that the FED statutes must be

interpreted to require strict compliance because the statutes are in derogation of the common law. But, that maxim is no longer followed in Oregon. *Beaver v. Pelett*, 299 Or 664, 668-69, 705 P2d 1149 (1985) (holding that the maxim represented judicial resistance to the legislature's proper role and should be "put to rest"); *accord Association of Unit Owners v. Dunning*, 187 Or App 595, 609 n 3, 69 P3d 788 (2003) (explaining that the maxim is an anachronism reflecting a nineteenth century judicial hostility to the legislature's expanding role in creating statutory actions as a matter of public policy). In addition, by their own terms, both ORS 105.024 and ORS 105.026 require only that the complaint "be in substantially" the form specified in the statute. To be sure, depending on how the complaint form is filled out, use of the wrong form may result in a failure to state a claim. But it does not do so *per se*. The straightforward question is whether the complaint that plaintiff filed should have been dismissed because it failed to allege an essential element of plaintiff's FED claim. Our standard of review is the same as for any ORCP 21 A(8) motion to dismiss: We accept the allegations in plaintiff's complaint as true, together with all reasonable inferences. *McAlpine v. Multnomah County*, 131 Or App 136, 138, 883 P2d 869 (1994), *rev den*, 320 Or 507 (1995). Even vague allegations on an element of a claim for relief are sufficient to survive a motion to dismiss. *Id.*

Under that standard, plaintiff's complaint was sufficient. The complaint alleged the elements that are not in dispute (description of the premises, defendant was in possession, and plaintiff is entitled to possession). To satisfy the element of entering or remaining unlawfully by force, plaintiff specifically alleged that it was entitled to possession "as the defendants hold over the property following a sheriff's sale."[1] Under ORS 105.115(1)(d), as we have discussed, a person who holds over following a sheriff's sale is a cause of holding over by force. Plaintiff thus pleaded a specific circumstance that, as a matter of law, is a holding over by force rather than pleading more generally that defendant

---

[1] We acknowledge that plaintiff cross-referenced ORS chapter 88 instead of ORS chapter 18. We do not regard that as fatal, especially given the descriptive language (defendant holds over on the property following a sheriff's sale) set forth in the complaint.

was remaining unlawfully by force, which also would have sufficed. *See* ORS 105.026 (including general allegation in form of complaint); *see also Lindsey v. Normet*, 405 US 56, 64 n 8, 92 S Ct 862, 31 L Ed 2d 36 (1972) (summary allegation that the defendant unlawfully holds by force is not unconstitutionally vague under Oregon's FED statutes because ORS 105.115 adequately defines what such a holding entails). Because plaintiff's complaint adequately alleged that defendant was unlawfully holding by force, defendant was not entitled to a dismissal for failure to state a claim. We therefore affirm the trial court's denial of defendant's motion to dismiss for failure to state a claim.

Reconsideration allowed; former opinion withdrawn; affirmed.