Submitted May 27, 2020, reversed and remanded July 14, 2021

Maryjane BUNCH
and Melodie Tilander,
*Plaintiffs-Appellants,*

*v.*

Johnna LOWRY, et al.,
*Defendant-Respondent.*

Clackamas County Circuit Court
19LT07838; A171643

496 P3d 660

Ann M. Lininger, Judge.

Tyler D. Smith, J. Ryan Adams, Joseph A. Pickels, and Tyler Smith & Associates, P. C., filed the briefs for appellants.

Richard D. Franklin filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Plaintiffs appeal a judgment that dismissed their Forcible Entry and Wrongful Detainer (FED) action pursuant to ORCP 21 A(3) (providing for dismissal where "there is another action pending between the same parties for the same cause"). The trial court based the dismissal on the fact that defendants had earlier filed an action against plaintiffs involving the same property and in which defendants alleged claims for quiet title, adverse possession, and an equitable mortgage. That action, the court ruled, would allow for a "fuller litigation of what's happening in this case," noting that "the interest of judicial efficiency also favors having these cases—having this dispute be heard in one forum."

A detailed discussion of the underlying facts of the FED action and related procedural history would not benefit the bench, bar, or public. In short, we agree with plaintiffs that the court erred in treating the FED case, which involved plaintiffs' right to possession of the property under ORS 105.105 to 105.168, as presenting the same cause as the civil action involving questions of title to the property; although the two cases may have involved overlapping issues, they did not present the same cause for purposes of ORCP 21 A(3). *See Smith v. Morris*, 112 Or App 217, 218, 827 P2d 1370 (1992) (explaining that, despite overlapping issues between an FED action and a contemporaneous common-law action, the two actions were not "'for the same cause' within the meaning of ORCP 21 A(3) *** because [the FED] action concerns plaintiff's right to possession of the building" whereas the other "lawsuit concerns defendants' right to recover damages for a breach of the lease"); *accord Bunch v. Pearson*, 186 Or App 138, 143, 62 P3d 878, *rev den*, 335 Or 422 (2003) ("While this action might have been proper under ORS 105.005 as an action for ejectment, an FED action 'is not a substitute for an action of trespass or ejectment.'" (Quoting *Purcell v. Edmunds*, 175 Or 68, 70, 151 P2d 629 (1944); footnote omitted.)).[1]

_____

[1] In *Schmidt v. Hart*, 237 Or App 412, 421, 241 P3d 329 (2010), *rev den*, 350 Or 130 (2011), we held that, although an FED proceeding is limited to the determination of the right to possession of premises in the context of a landlord-tenant relationship, that determination can have issue-preclusive effect in other proceedings. To the extent that the trial court was concerned that certain

We therefore reverse and remand the judgment of dismissal.[2]

Reversed and remanded.

---

overlapping issues related to possession were better addressed in the civil action than the quick and summary FED procedure, the proper remedy would have been an appropriately crafted stay of the FED action rather than dismissal. *Cf.* ORS 105.140 (setting forth requirements for granting continuances to defendants longer than two days in FED actions).

[2] The related action regarding title has since been litigated and judgment entered in favor of plaintiffs, and it is not clear from this record whether this appeal presents a live controversy apart from the entitlement to attorney fees. Defendants sought attorney fees in the trial court after prevailing on the motion to dismiss, and the trial court stayed its ruling on the motion pending the outcome of this appeal; for that reason, we do not understand this appeal to be moot. *See, e.g.*, *Owen J. Jones & Son, Inc. v. Gospodinovic*, 46 Or App 101, 108, 610 P2d 1238 (1980) (explaining that, even after a controversy over the right to possession becomes moot, questions regarding entitlement to attorney fees related to an FED action may remain and prevent the appeal from becoming moot).